```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

DERRICK LAMONT KINCHEN,

        Petitioner,

v.                                         Case No: 2:25-cv-793-JES-NPM
                                             Case No. 2:16-CR-116-JES-NPM

UNITED STATES OF AMERICA,

        Respondent.

_____

**OPINION AND ORDER**

     This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #71)[1] filed on September 2, 2025. The government filed a Response in Opposition (Cv. Doc. #3) on November 19, 2025, and petitioner filed a Reply (Cv. Doc. #6) on December 29, 2025. Petitioner also filed a Motion for Tolling Consideration/Access-to-the-Courts Claim (Cr. Doc. #70).

**I.**

     On October 26, 2016, the grand jury returned a one count Indictment (Doc. #1) charging defendant with being a felon in possession of a firearm after having been convicted of a felony, namely, (1) possession with intent to sell, manufacture or deliver

---

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

heroin, resisting officer with violence, and possession of a controlled substance; (2) resisting officer, fleeing and eluding law enforcement officer with lights siren active and possession of a controlled substance without a prescription; (3) third degree murder; (4) possession of cocaine with intent; (5) fleeing/attempting to elude officer; (6) sale or delivery of cocaine and possession of cocaine; and (7) possession of cocaine with intent.

On February 13, 2017, the government filed a Notice of Maximum Penalty, Elements of Offense, and Factual Basis (Cr. Doc. #26) indicating that defendant was convicted of felony offenses prior to July 22, 2016. On February 14, 2017, defendant filed a Statement of Facts (Cr. Doc. #27) admitting to having previously been convicted of a felony offense, but not how many offenses. On February 15, 2017, defendant entered a plea of guilty without the benefit of a plea agreement, which was accepted. (Cr. Docs. ## 28-30.)

On November 13, 2017, defendant was sentenced as an armed career criminal based on having at least three prior convictions for a serious drug offense: Possession of cocaine with intent; sale or delivery of cocaine; possession of cocaine with intent; and possession with intent to sell, manufacture or deliver heroin. (Cr. Doc. #62, ¶ 31.) Defendant was sentenced to a term of 188

months of imprisonment followed by a term of 5 years of supervised release. Judgment issued on November 15, 2017. (Cr. Doc. #51.)

Petitioner did not appeal to the Eleventh Circuit, and the conviction became final 14 days after the Judgment on November 29, 2017.  See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).  On April 12, 2021, the Court denied relief under Section 401 of the First Step Act.  (Cr. Doc. #67.)  Petitioner's request for a reduction pursuant to Amendment 821 to the Sentencing Guidelines remains pending and the Federal Public Defender has been authorized to represent petitioner.  (Cr. Doc. #68.)

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal prisoners have one year from the latest of any of four events to file a § 2255 Motion:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner would have had until November 29, 2018, under Section 2255(f)(1) to file his Motion, which motion was not filed until almost seven years late on August 11, 2025, the date the petition was signed and executed.[1] Therefore, petitioner's motion is time-barred and will be dismissed on this basis.

The period of limitations may be equitably tolled "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Because it is "an extraordinary remedy", equitable tolling is applied "only sparingly." Jones v. United States, 304 F.3d 1035, 1038-39 (11th Cir. 2002) (citations omitted).

A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). See also Sandvik, 177 F.3d at 1271; San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is 'reasonable diligence', and the extraordinary circumstance prong

---

[1] Absent contrary evidence from the government, under the "mailbox rule" petitioner is deemed to have filed his motion on the date he signed the motion. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

requires a "causal connection" between the circumstance and the late filing. San Martin, 633 F.3d at 1267.

In the motion for tolling, petitioner argues that his access to Court was limited due to regular lockdowns in 2024 and 2025, and enduring conditions and lack of access to the law library during the lockdowns. Petitioner does not explain what happened to impede his timely filing in 2018, when the petition should have been filed. Petitioner did not file a direct appeal, and years passed after the deadline and before the lockdowns began. Further, "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment. The inmate must show that this inability caused an actual harm, or in other words, unconstitutionally prevented him from exercising that fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement." Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000). The Court finds that petitioner has failed to meet the burden to show that he is entitled to toll the limitations period.

### III.

Considering the other options under 28 U.S.C. § 2255(f), the Court finds that petitioner would not be entitled to relief. Petitioner seeks relief on three grounds: (1) a Fifth Amendment violation because "only a jury may find facts that increase the prescribed range of penalties" citing due process and Erlinger v.

- 5 -

United States, 602 U.S. 821 (2024); (2) a Sixth Amendment violation because any fact that increases the penalty must be submitted to a jury pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000); and (3) a Second Amendment violation.

### 1. Apprendi

Under Apprendi, the U.S. Supreme Court established the rule that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 476 (2000). "[A]n *Apprendi* error is harmless when 'it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" United States v. Wall, 116 F.4th 1285, 1302 (11th Cir. 2024) (citation omitted), cert. denied sub nom. Mobley v. United States, 145 S. Ct. 1941, 221 L. Ed. 2d 674 (2025). Apprendi was issued two years after a timely petition was due to be filed, and "does not apply retroactively on collateral review." McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001). Therefore, Apprendi does not extend the deadline to file the petition.

### 2. Erlinger

In Erlinger, with the foundation of Apprendi, the U.S. Supreme Court found that defendant was entitled to have a jury resolve the factual finding that his underlying offenses happened on at least three separate occasions because it had the effect of increasing

the minimum and maximum sentences under the ACCA. Erlinger v. United States, 602 U.S. 821, 835 (2024). This decision is a new procedural rule and is also not retroactive. Moore v. United States, No. 8:17-CR-354-CEH-CPT, 2025 WL 3214360, at *3 (M.D. Fla. Nov. 18, 2025). Therefore, Erlinger also fails to extend the filing deadline to file for relief.

Further, petitioner does not argue that the prior felonies occurred on the same date such that they would only count as a single felony or that he did not otherwise have three qualifying felonies. The Chapter Four enhancement considered the following felonies to enhance petitioner's sentence under the ACCA: (1) Possession of Cocaine With Intent in August 1996[2], Docket No. 96CF2336; (2) Sale or Delivery of Cocaine on November 1996[3], Docket No. 96CF2786; (3) Possession of Cocaine With Intent on February 2001, Docket No. 99CF4415; and (4) Possession With Intent to Sell, Manufacture or Deliver Heroin on October 17, 2013, Docket No. 13CF18148. (Cr. Doc. #49 at ¶¶ 31, 38, 39, 41, 44.) Even if the first two, which occurred in the same year, were counted as one felony, petitioner had four total felonies. Therefore, this issue is without merit.

---

[2] Petitioner was arrested on July 14, 1996, and transferred from juvenile to the felony division. (Cr. Doc. #49 at ¶ 38.)

[3] Petitioner was arrested on September 20, 1996, and the sale took place on August 13, 1996. (Cr. Doc. #49 at ¶ 39.)

**3. Second Amendment**

Petitioner was adjudicated guilty of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(e). This statute has been upheld as constitutional under the Second Amendment. United States v. Storey, No. 22-11841, 2025 WL 2846450, at *3 (11th Cir. Oct. 8, 2025) (citing United States v. Rozier, 598 F.3d 768, 772 (11th Cir. 2010); United States v. Dubois, 139 F.4th 887, 894 (11th Cir. 2025). "Individuals convicted under section 922(g)(1) are not law-abiding, responsible citizens who fall within the Second Amendment's protection…." Simmons v. United States, No. 8:17-CR-537-CEH-AAS, 2024 WL 837244, at *5 (M.D. Fla. Feb. 28, 2024) (collecting cases). Therefore, there is no merit to this claim.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion for Tolling Consideration/Access-to-the-Courts Claim (Cr. Doc. #70) is **DENIED.**

2. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #71) is **DISMISSED** as time barred.

3. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this   5th   day of January 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA